**BRADY LAW, CHARTERED**
**Michael G. Brady, ISB #1293**
**Oscar S. Klaas, ISB #7946**
**St. Mary's Crossing**
**2537 W. State Street, Suite 200**
**Boise, ID 83702**

**TELEPHONE:  (208) 345-8400**
**FACSIMILE:  (208) 322-4486**

Attorneys for Plaintiffs Christopher D. Williams
and Brandi N. Williams

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

---

| | |
|---|---|
| CHRISTOPHER D. WILLIAMS and BRANDI N. WILLIAMS, individually,<br><br>        Plaintiffs,<br><br>  v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation; and KRIS DOE,<br><br>        Defendants. | Case No.  1:10-cv-00145-REB<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

     Plaintiffs Christopher D. Williams and Brandi N. Williams, by and through their counsel

of record, Brady Law, Chartered, as and for a cause of action against Defendants NCO Financial

Systems, Inc. and Kris Doe, plead and allege as follows:

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1**
0799.0001

## I.      PARTIES

1.      Plaintiff Christopher D. Williams is a natural person who resides in the City of Boise County of Ada, State of Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2.      Plaintiff Brandi N. Williams is a natural person who resides in the City of Boise County of Ada, State of Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.      Defendant NCO Financial Systems, Inc. ("Defendant NCO") is a Pennsylvania corporation with a corporate address of 3850 North Causeway Blvd. Suite 200, Metairie, Louisiana 70002; and is licensed and registered in Idaho as a collection agency, operating from an address of 9180 West Barnes Drive, Boise, Idaho; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4.      Defendant Kris Doe ("Defendant Doe") is  a natural person who was employed at all times relevant herein by Defendant NCO as a collection agent and manager, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## II.      JURISDICTION & VENUE

5.      Jurisdiction in this Court arises under 28 U.S.C. § 1331, and is proper pursuant to 15 U.S.C. § 1692k(d).

6.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); by Defendants illegal attempt to collect a consumer debt from Plaintiffs.

7.     Venue is proper in this Court because the acts and transactions occurred in Idaho, Plaintiffs reside in Idaho, and Defendants transact business in Idaho.

### III.    FACTUAL ALLEGATIONS

8.     On or around 2008, Plaintiff Brandi Williams allegedly incurred a community financial obligation that was primarily for personal, family or household purposes, that went into default for late and/or nonpayment, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a bill for medical services rendered to Plaintiff Brandi Williams by Saint Alphonsus Regional Medical Center ("St. Alphonsus").

9.     Sometime before July 29, 2009, the alleged debt was consigned, placed or otherwise transferred to Defendant NCO for collection from Plaintiffs, when thereafter Plaintiffs started receiving collection communications from Defendant in an attempt to collect this debt.

### *Plaintiff's Bankruptcy*

10.     On or about July 29, 2009, Plaintiffs jointly filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Idaho (the "Bankruptcy Court"). See USBC-ID File No. 09-02230-TLM.

11.     Plaintiffs' bankruptcy filing listed St. Alphonsus, the original creditor of the alleged debt, on Sheet 5 of *Schedule F- Creditors Holding Unsecured Nonpriority Claims* for miscellaneous accounts described as "Misc. Medical Services." The debt was characterized as a community debt in the amount listed as "unknown."

12.     Plaintiffs' bankruptcy filing listed Defendant NCO on Sheet 5 of *Schedule F- Creditors Holding Unsecured Nonpriority Claims* for miscellaneous accounts described as,

"Collection agency collecting on misc. debts." The debt was characterized as a community debt in the amount listed as $838.97.

13.     Plaintiffs' bankruptcy filing listed Nco Fin/55 on Sheet 5 of *Schedule F- Creditors Holding Unsecured Nonpriority Claims* for account number ending in 1964, described as "Opened 2/01/08 last active 8/01/07 Collection Attorney St. Alphonsus Rmc." The debt was characterized as separate property of Plaintiff's wife in the amount listed as $661.00.

14.     Plaintiffs' bankruptcy filing listed Nco Fin/55 on Sheet 5 of *Schedule F- Creditors Holding Unsecured Nonpriority Claims* for account number ending in 5648, described as "Opened 12/01/08 last active 7/01/08 Collection Attorney St. Alphonsus Rmc." The debt was characterized as separate property of Plaintiff's wife in the amount listed as $193.00.

15.     Upon the filing for Chapter 7 Bankruptcy protection on or about July 29, 2009, an automatic stay barring all collection activity went into effect pursuant to 11 U.S.C. § 362.

16.     On or about August 1, 2009, the Bankruptcy Court issued a *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* to St. Alphonsus regarding Plaintiffs' bankruptcy filing to P.O. Box 190930, Boise, Idaho, 83719.

17.     On or about August 1, 2009, the Bankruptcy Court issued a *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* to Defendant NCO regarding Plaintiffs' bankruptcy filing to a mailing address of P.O. Box 4908 Boise, Idaho, 83711.

18.     On or about August 1, 2009, the Bankruptcy Court for the District of Idaho issued a *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* to Nco Fin/55 regarding Plaintiffs' bankruptcy filing to a mailing address of P.O. Box 4908 Boise, Idaho, 83711.

19.     The mailing address for the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* was the same for Defendant NCO and Nco Fin/55.

20.     Plaintiffs did not surrender or otherwise forgo the automatic stay provision regarding the alleged debt by signing a reaffirmation or any other type, or manner waiver.

21.     On or about November 3, 2009, the Bankruptcy Court filed and entered an order discharging Plaintiffs' debt under Chapter 7 of the Bankruptcy Code.

22.     On or about November 5, 2009 the Bankruptcy Court issued a *Notice of Discharge of Debtor*.

### *NCO's Attempt to Collect on Debt Discharged in Chapter 7 Bankruptcy*

#### *February 24, 2010 Collection Call*

23.     On or about February 24, 2010, Defendant Doe contacted Plaintiff Christopher D. Williams by calling Plaintiff Christopher D. Williams' cellular phone during Plaintiff Christopher D. Williams' work hours in an attempt to collect on a debt allegedly incurred by Plaintiff Brandi Williams for medical services rendered by St. Alphonsus which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24.     Defendant Doe identified herself as debt collector attempting to collect two debts allegedly owed by Plaintiffs.

25.     Defendant Doe stated that she was attempting to collect on one debt related to payment for utility bills.

26.     At or near the same time, Defendant Doe stated she was also attempting to collect on a separate debt owed to St. Alphonsus for medical services rendered to Plaintiff Brandi Williams in or around 2008.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5**
0799.0001

27.    Defendant Doe did not provide an account number for the alleged debt upon which Defendant Doe was attempting to collect.

28.    During the course of this call, Plaintiff Christopher D. Williams informed Defendant Doe that Plaintiffs had filed for bankruptcy in July, 2009.

29.    During the course of this call, Plaintiff Christopher D. Williams informed Defendant Doe that Plaintiffs had received a Chapter 7 bankruptcy discharge in November, 2009.

30.    Whereupon, Defendant Doe asked Plaintiff Christopher D. Williams for the case number of his bankruptcy filing.

31.    Plaintiff Christopher D. Williams did not have the requested information at that time.

32.    Plaintiff Christopher D. Williams told Defendant Doe that he had the requested information at his home, and Plaintiff Christopher D. Williams was at work.

33.    Defendant Doe informed Plaintiff Christopher D. Williams that she did not work late that day, therefore, Defendant Doe planned to call Plaintiffs on March 2, 2010, at 5:30 p.m., a date which she was scheduled to work late in order to obtain Plaintiffs' bankruptcy case number.

*March 2, 2010 Collection Call*

34.    On or about March 2, 2010, because Defendant Doe had not yet called Plaintiffs, Plaintiff Christopher D. Williams called the contact number previously supplied to him by Defendant Doe.

35.    At that time, Plaintiff Christopher D. Williams spoke with an unknown debt collector who told him that Defendant Doe was busy at that moment, but had scheduled time to call Plaintiffs later that evening.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – Page 6**
0799.0001

36.     Later on or about March 2, 2010, Defendant Doe contacted Plaintiffs by telephone and spoke with Plaintiff Christopher D. Williams.

37.     Defendant Doe identified herself as debt collector attempting to collect a debt from Plaintiff.

38.     Defendant Doe identified herself as "Kris."

39.     Defendant Doe identified herself as the same debt collector which spoke to Plaintiff Christopher D. Williams the previous week in the attempt to collect a debt set forth above.

40.     During the course of this telephone call, Defendant Doe, upon Plaintiffs' request, informed Plaintiffs that Defendant's identification number/operator number is 5250 and that Defendant was calling from Boise, Idaho.

41.     During the course of this telephone call, Defendant Doe, upon Plaintiffs' request, informed Plaintiffs that Defendant was calling from Boise, Idaho.

42.     During the course of this telephone call, Defendant Doe, upon Plaintiffs' request, informed Plaintiffs that the date of service of the alleged debt incurred from medical services rendered by St. Alphonsus was sometime in 2008.

43.     During the course of this telephone call, Defendant Doe, upon Plaintiffs' request, informed Plaintiffs that the St. Alphonsus account number for the alleged debt is BSTAPM.

44.     During the course of this collection call, Defendant Doe, upon Plaintiffs' request, informed Plaintiffs that the NCO account number for the alleged debt is 50908791.

45.     During the course of this collection call, Defendant Doe informed Plaintiffs that Defendant would cease calling Plaintiffs upon receipt of Plaintiffs' bankruptcy case number.

46.     Plaintiff Williams then informed Defendant Doe that he was currently commuting home in a motor vehicle and could not provide his case number at that time.

47.     Defendant Doe agreed to call Plaintiffs in fifteen minutes, whereupon Plaintiffs would be home and could provide their bankruptcy case number.

48.     Defendant Doe did not call again that day.

49.     The above-described collection communications made to Plaintiffs by Defendant Doe was made in violation of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), amongst others.

50.     During collection communications, Defendant Doe violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), amongst others.

51.     The conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt as set forth above was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, which resulted in actual damages to Plaintiff.

### *Respondeat Superior Liability*

52.     The acts and omissions of Defendant Doe, who communicated with Plaintiffs as set forth in fuller detail above, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

53.     The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities Defendant Doe was authorized and encouraged to perform by Defendant NCO in collecting consumer debts.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 8**
0799.0001

54.     By committing these acts and omissions against Plaintiffs, Defendant Doe, was motivated to benefit her principal, Defendant NCO.

55.     Defendant NCO is therefore liable to Plaintiffs through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of federal and state law by Defendant NCO's collection employees, including but not limited to violations of the FDCPA in attempts to collect this alleged debt from Plaintiff.

## CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

56.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     The foregoing acts and omissions of each and every Defendant and/or agents thereof constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to the Plaintiff.

58.     As a result of each and every Defendants' violations of the FDCPA, Plaintiffs are entitled to statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against each and every Defendant for violations of the Fair Debt Collections Practices Act, U.S.C. § 1692 et seq. for the following:

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 9**
0799.0001

1.    For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

2.    For an award of costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

3.  For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 38.

RESPECTFULLY SUBMITTED this 20th day of April, 2010.

Oscar S. Klaas, Esq., ISB # 7946
**BRADY LAW CHARTERED**
2537 West State Street
Boise, Idaho 83702
Telephone:  (208) 345.8400
Facsimile: (208) 322.4486
*oscark@bradylawoffice.com*

Attorneys for Plaintiffs

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 10**
0799.0001